UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CYNTHIA MILLER, et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | Case No.: 2:19-cv-01203-RDP |
| } | |
| **PAUL R. SLEEM,** } | |
| } | |
| **Defendant.** } | |

**MEMORANDUM OPINION**

This case is before the court on Defendant's Motion to Dismiss (Doc. # 14), filed January 9, 2020. Defendant claim that Plaintiffs' Complaint (Doc. # 1) is due to be dismissed because this court does not have personal jurisdiction over the Defendant, and that venue is improper in the Northern District of Alabama. (Doc. # 14, ¶¶ 3, 4). In response, the court ordered Plaintiffs to show cause as to why this matter should not be dismissed. (Doc. # 15). Plaintiffs submitted a responsive brief. (Doc. # 20). They contend the case should be transferred to the Western District of Kentucky. (*Id.*). After careful consideration, and for the reasons discussed below, the court agrees with Plaintiff. Defendant's motion to dismiss is due to be denied without prejudice, and this case is due to be transferred to the Western District of Kentucky.

**I.   Background & Procedural History**

This case stems from car wreck in Bullitt County, Kentucky. (Doc. # 1). Cynthia Miller, Eugene Miller, Evetta Coleman, and Brandon Coleman[1] ("Plaintiffs") are Alabama citizens. (*Id.* at ¶¶ 2–4).  Paul Sleem ("Defendant") is a citizen of Tennessee. (*Id.* at ¶ 5; Doc. # 14–2). ).  On

---

[1] Brandon Coleman is a minor. Pursuant to Federal Rule of Civil Procedure 17, the Complaint names Evetta Coleman, as guardian of Brandon Coleman. (Doc. # 1 at ¶ 4).

July 28, 2017, Plaintiffs were driving through Bullitt County, which is located in the Western District of Kentucky. (Doc. # 1 at ¶ 5). They were involved in a collision. (*Id.*). Plaintiffs vehicle was at a stop sign, attempting to make a right turn. (*Id.* ¶¶ 5–7). Plaintiffs allege that Defendant failed to stop his vehicle and struck their car. ((*Id.* at ¶¶ 7–8).

Plaintiffs filed their Complaint on July 29, 2019, in the Northern District of Alabama. (Doc. # 1). In their Complaint, Plaintiffs claim that jurisdiction is proper in the Northern District of Alabama pursuant to 28 U.S.C. § 1331(a)(1). (Doc. # 1 at ¶ 6). Further, Plaintiffs claim that venue is proper in this matter pursuant to 28 U.S.C § 1391(b)(2), "because the acts, occurrences, events, and omissions giving rise to the Plaintiffs' claims against the Defendant occurred in and around Bullitt, County, Kentucky. (*Id.* at ¶ 7).

This case was initially assigned to Magistrate Judge Cornelius. (Doc. # 2). At the time of filing, Plaintiffs did not pay the filing fee or file a motion seeking leave to proceed in forma pauperis.[2] Further, Plaintiffs repeatedly failed to perfect service on the Defendant in accordance with Federal Rule of Civil Procedure 4. Judge Cornelius gave Plaintiffs multiple chances to perfect service.[3] (Docs. # 3, 4, 5, 7). On December 11, 2019, Plaintiff's still had not perfected service, and the case was reassigned from Magistrate Judge Cornelius to this court for dismissal. (Doc. # 9). On December 12, 2019, the court gave Plaintiff one last chance to perfect service. (Doc. # 10). Plaintiffs finally perfected service on Defendant on December 30, 2019. (Doc. # 13).

Defendant promptly filed a Motion to Dismiss on January 9, 2020. (Doc. # 14). In his

---

[2] On August 14, 2019, Judge Cornelius entered an Order requiring Plaintiffs to show cause as to why this case should not be dismissed for failure to pay the filing fee. (Doc. # 3). On August 22, 2019, Plaintiffs paid the filing fee.

[3] On October 17, 2019, Plaintiffs filed a request for service by certified mail. (Doc. # 4). On November 6, 2019, the court entered an Order requiring Plaintiffs show cause as to why this case should not be dismissed for failure to perfect service. (Doc. # 5). On November 17, 2019, Plaintiffs submitted a response to the show cause order (Doc. # 5), explained counsel was having trouble locating Defendant, and asked for an extension of time to perfect service. (Doc. # 7).

Motion, Defendant argues that Plaintiffs complaint is due to be dismissed because the court does not have personal jurisdiction, venue is improper in the Northern District of Alabama, and Plaintiffs' claims are time-barred.[4] (*Id.*). Following Defendant's Motion to Dismiss, the court ordered Plaintiffs to respond and show cause as to why this case should not be dismissed due to lack of personal jurisdiction and improper venue. (Doc. # 16). Plaintiffs filed a response on February 18, 2020.[5] (Doc. # 20). In their response, Plaintiffs argue that their claims are not time-barred. Further, Plaintiffs argue that if this court concludes it does not have personal jurisdiction over the defendant, and that venue is improper in the Northern District of Alabama, the court should transfer this case to the Western District of Kentucky, where personal jurisdiction and venue are proper. (*Id.*)

II. **Analysis**

Plaintiffs have not contested Defendant's arguments that (1) there is no personal jurisdiction over him in Alabama, and (2) venue is improper in this district. Rather, they explain why their claims are not barred by the relevant statute of limitations, and ask that this case be transferred, not dismissed. The court has little difficulty concluding that it does not have personal jurisdiction over the Defendant and that venue is improper here. The question is whether this case should be dismissed or transferred. As part of that analysis, the court assesses Plaintiffs' two arguments about the statute of limitations and transfer.

a. **Statute of Limitations**

Defendant contends that Plaintiffs' Complaint is due to be dismissed under Federal Rule

---

[5] Plaintiffs response to the Show Cause Order (Doc. # 16) was due on January 21, 2020. However, Plaintiffs requested two extensions, which the court granted. (Docs. # 17, 18, 19). Plaintiffs timely filed their response on February 18, 2020. (Doc. # 20).

of Civil Procedure 12(b)(6) because "Plaintiffs failed to pay the filing fee . . . and lacked the requisite intent to have Defendant immediately served." (Doc. # 14-1 at 7). Plaintiffs argue their claims are not time barred by the applicable status of limitations "because Plaintiffs evidenced a *bona fide* intent to have the Complaint served and perfected service within the time allowed by this court." (Doc. # 20 at 1). In the alternative, Plaintiff requests that the court "transfer this action to the jurisdiction of the situs, where jurisdiction over the defendant would unquestionably lie."[6] (*Id.* at 2).

The long-standing rule is that a "federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998). Because this court lacks personal jurisdiction, and because venue is improper in the Northern District of Alabama, the court does not address Defendant's Rule 12(b)(6) merits argument. Instead, the court analyzes whether transfer to the Western District of Kentucky is proper in this case.

b. **Transfer**

According to the applicable statute, 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Further, "[t]he language of [§] 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v.*

---

[6] The location of the "situs" is Bullitt County, Kentucky, which is located in the Western District of Kentucky.

4

*Heiman*, 369 U.S. 463, 466 (1962). The decision of whether to transfer a case is left to the sound discretion of the district court. *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc*, 689 F.2d 982, 985 (11th Cir. 1982). "The interests of justice generally favor transferring a case to the appropriate judicial district rather than dismissing it." *Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc.*, 669 F. Supp. 2d 1353, 1359 (S.D. Fla. Nov. 5, 2009) (considering similar request to transfer venue under § 1406(a)).

Here, PlaintiffS argues under § 1406(a) that it is "in the interest of justice" to transfer this case to the Western District of Kentucky.[7] Plaintiffs contend that dismissing this case poses a risk of barring the action under the applicable statute of limitations. *See* KY. REV. STAT. ANN. § 413.125 ("An action for the taking, detaining or injuring of personal property, including an action for specific recovery shall be commenced within two (2) years from the time the cause of action accrued.") If the court dismisses this case without prejudice and grants PlaintiffS leave to re-file in the proper district court, Plaintiffs' claims will likely be time barred. *Goldlawr*, 369 U.S. at 466 (considering a similar factual scenario and noting that "[i]ndeed, this case is itself a typical example of the problem sought to be avoided, for dismissal here would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations.").

However, if the court transfers the case, the applicable filing date is the date Plaintiffs filed their complaint in the Northern District of Alabama. *Id.* at 466–67 ("When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure."). Because a dismissal (even a

---

[7] Plaintiff also contends that transfer of venue is proper under 28 U.S.C. § 1404(a) and 28 U.S.C. § 1631. (Doc. # 20 at 2). Because the court concludes transfer of venue is appropriate under § 1406(a), it need not address Plaintiffs' additional arguments.

dismissal without prejudice) has the potential to extinguish Plaintiffs' claims, this court has determined that it is "in the interest of justice" to transfer this case to the Western District of Kentucky.

### III. Conclusion

For the reasons discussed above, Defendant's Motion (Doc. # 14) is due to be denied without prejudice. Further, because this court lacks personal jurisdiction, and because venue is improper in the Northern District of Alabama, it does not rule on Defendant's statute of limitations arguments . It does conclude, however, that this case is due to be transferred to the Western District of Kentucky. An order consistent with this Memorandum Opinion will be entered contemporaneously.

**DONE** and **ORDERED** this February 28, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE